UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | | |
|---|---|---|
| JEANNINE A. AMELIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cv-347 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of

a final decision of the Commissioner of Social Security denying plaintiff's application for disability

insurance benefits (DIB).  Plaintiff's disability insured status expired on March 31, 2004.  Plaintiff

filed her application on June 27, 2003 (A.R. 50-53), claiming an onset of disability of April 15, 2000.

Plaintiff's claim was denied on initial review.  (A.R. 25-30).  On June 14, 2005, plaintiff received

a hearing before an administrative law judge at which she was represented by counsel.  (A.R. 211-

57).  On November 21, 2005, the ALJ issued his decision denying plaintiff's application for DIB

benefits. On March 17, 2006, the Appeals Council denied review (A.R. 7-9), and the ALJ's decision

became the Commissioner's final decision.

On May 24, 2006, plaintiff filed her complaint seeking judicial review of the

Commissioner's decision.  Plaintiff's statement of errors is set forth below:

I.      THE ALJ ERRORED [sic] IN DECIDING THIS CASE CONTRARY TO THE
        SUBSTANTIAL EVIDENCE PRESENTED AT THE HEARING WHEN HE
        FAILED TO ACKNOWLEDGE THE LEVEL OF SEVERITY OF PANIC

ATTACKS AND ANXIETY AND FURTHER DID NOT POSE TO THE VE, HYPOTHETICALLY, THE QUESTION OF WHETHER NON-EXCERTIONAL [sic] IMPAIRMENTS WOULD CAUSE ANY JOB RESTRICTIONS OR LIMIT AVAILABLE JOBS.

II.   THE ALJ [COMMITTED ERROR] IN FINDING THAT [PLAINTIFF'S] CLAIMS WERE NOT FULLY CREDIBLE [AND] DID NOT ARTICULATE SUBSTANTIAL REASON[S] TO SUPPORT HIS CONCLUSION.

III.   THE ALJ ERRORED [sic] IN RELYING ON CONSULTATIVE PSYCHOLOGICAL EXAM WITH INCONSISTENCIES, INCOMPLETENESS AND [THE PSYCHOLOGIST'S REPORT] BEING DATED ONE YEAR AND NINE MONTHS PRIOR TO THE ALJ HEARING DATE.

(Plf. Brief at 4, docket # 11).   Upon review I find that plaintiff's arguments are meritless, and recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law.   *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"   *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).   The scope of the court's review is limited.   *Buxton*, 246 F.3d at 772.   The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations.   *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993).   "The findings of the [Commissioner] as to any fact if supported by substantial

evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act on April 15, 2000, her asserted onset of disability, and continued to meet them through March 31, 2004, but not thereafter. Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that plaintiff had severe impairments of "thyroid problems with a history of acute 'thyroid storm' in April 2000." (A.R. 23). Plaintiff did not have

an impairment or combination of impairments which met or equaled the requirements of the listing

of impairments.  The ALJ determined that plaintiff's subjective complaints were not fully credible:

> Although the claimant alleges experiencing debilitating difficulty, the evidence does not support her allegations.  The claimant's acute thyroid episode occurred in April 2000 and she was out of work [for] about seven months.  Since then, her thyroid condition has been well regulated with medication.  She testified that since the "storm" in 2000, she has not had an extreme acute episode like that one.  The claimant further testified that her daily heart palpitations are from her thyroid imbalance.

> The claimant's daily activities are full and varied and do not necessarily support her allegations of disability.  She watches television and wildlife.  She has no difficulty attending to personal care.  The claimant fixes meals and is able to do laundry and cleaning, albeit over a longer period of time than previously.  She can drive a car, go out alone, go shopping, and handle money.  The claimant visits with her mother and has no difficulty getting along with others or following instructions (Exhibit 4E).  The claimant does light housework on a daily basis, visits with relatives, uses the telephone, listens to radio and occasionally goes out to eat (Exhibit 9E).

> The claimant testified that her medications cause mucous in her eyes and broken blood vessels.  However, the evidence does not document that she has reported these difficulties to a physician.  Her testimony that she experiences heart palpitations daily is not supported by her earlier report to the consultative examiner that they occur once or twice a month and last 20 minutes.

> While the undersigned does not doubt that the claimant experiences some difficulty, her statements concerning her impairment and its impact on her ability to work are not entirely credible in light of the claimant's own description of her activities and lifestyle, the degree of medical treatment required, the claimant's demeanor at the hearing, the reports of treating and examining practitioners, the medical history, and the findings made on examination.

(A.R. 21).  The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited

range of light work:

> The claimant has the residual functional capacity to perform work except for lifting and carrying more than 20 pounds occasionally and ten pounds frequently, constantly pushing or pulling with the extremities, and climbing ladders, ropes, and scaffolds.  The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  She should avoid all exposure to hazards such as dangerous machinery or unprotected heights and should avoid concentrated exposure to extremes of heat or cold and fumes, odors, dusts, gasses, and poor ventilation.

(A.R. 23). Plaintiff was unable to perform her past relevant work. Plaintiff was 48 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has a high school or high school equivalent education. The ALJ found that plaintiff either did not have transferable skills or the transferability of skills was not material. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with her RFC, education, and work experience, the VE testified that there were approximately 24,800 jobs within the State of Michigan that the hypothetical person would be capable of performing. (A.R. 251-53). The ALJ held that this constituted a significant number of jobs. Using Rule 202.20 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 12-20).

## 1.

Plaintiff argues that the ALJ's finding with regard to her RFC is not supported by substantial evidence. (Plf. Brief at 7). RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. § 404.1545(a). RFC is a determination made by the ALJ based upon all the evidence within the record. *Walters*, 127 F.3d at 530; *Bingaman v. Commissioner*, 186 F. App'x 642, 647 (6th Cir. 2006). It was plaintiff's burden to submit evidence demonstrating that she was disabled on or before the March 31, 2004 expiration of her disability insured status. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *see also Wirth v. Commissioner*, 87 F. App'x 478, 479 (6th Cir. 2003). Plaintiff presented very little medical evidence in support of her disability claim, and almost no evidence supporting her claim of functional limitations stemming from mental

impairments.  The ALJ observed that plaintiff had never undergone psychiatric or psychological treatment or therapy, and plaintiff had never been hospitalized for a mental health condition:

> The evidence suggests that the claimant has a history of generalized panic disorder and anxiety.  However, it also records that it is stable and functioning well on medication. Psychological consultative examination in September 2003 found no diagnosis of either Axis I or Axis II.  The claimant has never undergone psychiatric or psychological treatment or therapy and has never been hospitalized for a mental health condition.  While the evidence suggests that she may have experienced a worsening of symptoms in January 2005, there is no documentation of additional treatment (Exhibits 3F, 6F, and 13F).

(A.R. 19).  The record shows that on September 18, 2003, plaintiff underwent a consultative psychological examination.  (A.R. 150-55).  Plaintiff reported that she was not seeing anyone for counseling or therapy.  Plaintiff related that she was able to get along with others.  Plaintiff's speech was clear and understandable and she was a good historian.  Plaintiff related that she had never had any type of psychiatric admission and she denied experiencing hallucinations or delusions.  Plaintiff was oriented as to time, place, and person.  The psychologist's report concluded with the following diagnosis:

| | |
|---|---|
| Axis I: | No diagnosis Axis I |
| Axis II: | No diagnosis Axis II |
| Axis III: | Graves Disease |
| Axis IV: | Occupational Problems |
| | Problems with Primary Support Group |
| Axis V: | 55 |

(A.R. 155).  On October 3, 2003, plaintiff's treating physician, Robert V. Gunnell, M.D., stated that plaintiff had a "history of a generalized anxiety disorder," and that plaintiff's condition was "well controlled with low-dose Xanax."  (A.R. 199).

Plaintiff's disability insured status expired on March 31, 2004.  On January 10, 2005, plaintiff reported to Dr. Gunnell that she had stopped smoking and that she had experienced an

increase in panic attacks.  Dr. Gunnell authorized plaintiff to take "0.5 mg [of Xanax] four times [per day] only if needed."  (A.R. 195, 202).   On April 20, 2005, when plaintiff was examined by Dr. Gunnell's physician's assistant, plaintiff did not describe any significant episodes of anxiety.  Plaintiff was provided with a refill of her Xanax prescription.  (A.R. 194).  I find that the administrative record contains more than substantial evidence supporting the ALJ's RFC determination.

Plaintiff's related and dependent argument that the hypothetical question the ALJ posed to the VE was inadequate requires little discussion.   The ALJ's RFC determination is supported by more than substantial evidence for the reasons previously stated.   The ALJ found that plaintiff's subjective complaints were not fully credible.  It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints.  *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Chandler v. Commissioner*, 124 F. App'x 355, 358-59 (6th Cir. 2005).

**2.**

Plaintiff argues that the ALJ failed to "articulate substantial reason[s] to support his credibility determination."  (Plf. Brief at 7- 8).  The record is decidedly to the contrary.  The  lengthy excerpt of the ALJ's credibility determination previously quoted in this report and recommendation is incorporated in this section by reference.   The court does not make its own credibility determinations.  *See Walters*, 127 F.3d at 528.  Plaintiff's treating physician stated that plaintiff's condition was "well controlled" with medication.  The psychological evaluation did not support plaintiff's claims of functional limitations.  Plaintiff's daily activities significantly undercut her

claims of debilitating symptoms.  *See Walters v. Commissioner*, 127 F.3d at 532; *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990); *see also Griffeth v. Commissioner*, No. 06-1236, 2007 WL 444808, at * 2 (6th Cir. Feb. 9, 2007); *Powers v. Commissioner*, 195 F. App'x  407, 403 (6th Cir. 2006).  In summary, I find that the ALJ's credibility determination is supported by more than substantial evidence.

**3.**

Plaintiff's remaining argument is that the ALJ committed error when he relied on the results of a consultative examination.  The argument is set forth in its entirety below:

> A psychological exam was presumably directed in this case by the Disability Determination Service due to the Claimant's allegation that she took Zanex [sic](see Tr. 69).  Physician notes also indicate complaints and a diagnosis of anxiety and agoraphobia by physician Dr. Gunnell (see Tr. 195, and 199).  Claimant testified at [the] hearing[.]  (see Tr. 233 and 248) [and] she describe[d] anxiety and panic attack[] symptoms.
>
> Although Dr. Cashbaugh examined the patient for memory problems and interviewed her, his notes reflect, "she does not reveal any diagnosis or symptoms of anxiety.["]  Particularly, that psychologist makes note of extensive details regarding the Claimant seeing spirits of people she doesn't know, but fails to diagnosis [sic] delusions or hallucinations.  The evaluation also does not indicate any medication for psychological disorders although it is clear from the record that the claimant is prescribed Zanex [sic].  The ALJ was in error when he relied on such a psychological report, which has shortcomings and inconsistencies as well as incompleteness.  The psychological report was also created one year and nine months prior to the hearing, which is argued with too much time to pass between the exam, and the hearing.  No weight should have been given to this psychological examination.

(Plf. Brief at 8-9).   This argument is not supported by any legal authority.  Generally, arguments raised in a perfunctory manner are deemed waived.  *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 317 (6th Cir. 2005); *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 462 (6th Cir. 2003); *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues averted to in a

perfunctory manner, unaccompanied by some effort at developed augmentation, are deemed waived."). This argument should be deemed waived.

Assuming *arguendo* that this argument had not been waived, it is patently meritless. The ALJ relied on plaintiff's treating physician's opinion that her anxiety was "well controlled" with medication. Plaintiff criticizes the consultative examination report as having "shortcomings and inconsistencies as well as incompleteness," but plaintiff offered no contrary medical evidence, and had no objections to the report at the hearing. (A.R. 214). Plaintiff's disability insured status expired on March 31, 2004. The psychological evaluation was conducted on September 18, 2003, during a period when plaintiff was disability insured. There is no legal or factual basis for plaintiff's argument that is was somehow error for the ALJ to consider the psychologist's evaluation because it was not conducted at a time closer to the June 14, 2005 hearing date. Plaintiff's disability insured status had expired long before her hearing.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  May 3, 2007               /s/  Joseph G. Scoville
                                  United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).